IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANDRES SANTIAGO-GOMEZ

Petitioner

vs                                                            CIVIL 06-1658CCC

UNITED STATES OF AMERICA

Respondent

**OPINION AND ORDER**

Before the Court is a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence filed by Andrés Santiago-Gómez (hereinafter "Petitioner" or "Santiago Gómez") pro se (docket entry 2), together with its supporting brief (docket entry 3). The United States filed a Response to the Petition (docket entry 7), to which Petitioner replied (docket entry 8). For the reasons discussed below, the Court finds that the Petition shall be DENIED.

**I.   BACKGROUND**

On September 5, 2001, a federal Grand Jury returned a two (2) count Indictment against Petitioner Santiago-Gómez and seventeen (17) other co-defendants (docket entry 2 in Criminal 01-0645(CCC)). Count One (1) of the Indictment charged Petitioner along with his seventeen (17) co-defendants with conspiring to distribute multi-kilogram quantities of controlled substances, that is in excess of one (1) kilogram of heroin, in excess of five (5) kilograms of cocaine, in excess of five (5) kilograms of cocaine base and in excess of fifty (50) pounds of marihuana as prohibited by 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. Count Two (2) of the Indictment was a forfeiture count pursuant to 18 U.S.C. § 982.

On December 21, 2001, Santiago Gómez filed with the court a motion for change of plea (docket entry 99 in Criminal 01-0645(CCC)). However, on January 2, 2002, Santiago-Gómez requested the withdrawal of his change of plea motion (docket entry 105 in Criminal

CIVIL 06-1658CCC                              2

01-0645(CCC))[1]. The same date, a Grand Jury returned a Superseding Indictment with identical charges but adding a defendant. On January 11, 2002, the Court granted Petitioner's request for withdrawal of his change of plea motion and vacated the change of plea hearing; the Court also granted the request for withdrawal of his counsel (docket entry 122 in Criminal 01-0645(CCC)).

On April 10, 2002, attorney Luis Medina Torres file a notice of appearance as retained counsel for Santiago-Gómez (docket entry 151 in Criminal 01-0645(CCC)). On July 11, 2002, Santiago Gómez filed a second motion for change of plea (docket entry 228 in Criminal 01-0645(CCC)), which the Court scheduled for hearing on August 7, 2002 (docket entry 271 in Criminal 01-0645(CCC)). On August 7, 2002, Petitioner's signed plea agreement was filed with the Court (docket entry 271 in Criminal 01-0645(CCC)), and his change of plea hearing held before then U.S. Magistrate Judge Aida Delgado (docket entry 273 in Criminal 01-0645(CCC)).[2] The Magistrate Judge's Report and Recommendation as to Petitioner, recommending the Court to accept the guilty plea, was filed on August 12, 2002 (docket entry 288 in Criminal 01-0645(CCC)). On September 5, 2002, the Court entered an order granting the Magistrate's Report and Recommendation thereby accepting Petitioner's plea of guilty, and setting the sentencing for December 11, 2002 (docket entry 311 in Criminal 01-0645(CCC)).

After various continuances, the sentencing hearing for Santiago-Gómez was held on March 6, 2003 (docket entry 419 in Criminal 01-0645(CCC)). Petitioner was sentenced as

---

[1] In said motion Santiago-Gómez, through his then counsel Jorge Manuel Carmona González, also requested that his counsel be allowed to withdraw as his legal representative. The reason cited was that the same attorney represented two other co-defendants (Petitioner's father and brother) in the same case. Petitioner alleged being concerned that a conflict of interest due to the multiple representations might arise during plea negotiations or trial. (docket entry 105 in Criminal 01-0645(CCC)).

[2] Petitioner's change of plea hearing was held jointly with co-defendant Wendel Rivera Dávila.

CIVIL 06-1658CCC                                        3

to Count One (1) of the Superseding Indictment to a term of imprisonment of two hundred and ten (210) months; a term of supervised release of five (5) years and a special monetary assessment of one hundred dollars ($100.00) (docket entry 432 in Criminal 01-0645(CCC)). On May 6, 2003,Petitioner filed a pro se notice of appeal (docket entry 454-A in Criminal 01-0645(CCC))[3]. On January 4, 2005, the United States Court of Appeals for the First Circuit affirmed Santiago-Gómez' judgment. United States v. Santiago Gómez, No. 03-2192 (1st Cir. January 4, 2005)[4]. On February 1, 2005, Petitioner filed a motion with the First Circuit Court of Appeals requesting a panel rehearing or a rehearing en banc. On July 7, 2005, the Court of Appeals denied both the petition for a panel rehearing and the requested rehearing en banc. Therefore, Petitioner's judgment and conviction became final on October 7, 2005, and this §2255 motion filed on June 29, 2006, and the supplemental memorandum filed on July 26, 2006, were filed timely (docket entries 2 & 3).

**II. DISCUSSION**

In his Petition under 28 U.S.C. §2255, Petitioner raises a claim of ineffective assistance of counsel. He alleges that his trial counsel was ineffective because he allowed petitioner to be coerced by his co-defendant father into pleading guilty pursuant to a package plea and therefore his plea was not voluntary. Petitioner raises for the first time the claim of coercion of his plea of guilty in this Section 2255 Petition.[5] In support of his claim, he has submitted two statements under penalty of perjury prepared by himself and his co-defendant

---

[3]Petitioner's Notice of Appeal is dated March 12, 2003 and was docketed as a Nuc Pro Tunc notice of appeal on May 6, 2003. See Crim.D.E.454-A.

[4]No. 03-2192 refers to the appeals docket number of the case since it is an unpublished judgment.

[5]In Santiago-Gómez' direct appeal, Petitioner challenged both his plea of guilty and his sentence. His challenge as to the plea of guilty was that as he had entered into a package plea agreement that included his father, the Court should had been advised of that relationship so that it could inquire if it affected the voluntary nature of his plea.

CIVIL 06-1658CCC                                        4

father.  See Exhibit 1 to docket entry 3 and Exhibit 1 to docket entry 4.  In his statement, petitioner avers that he was visited by his co-defendant father, his father's attorney, and his own attorney in jail on two separate occasions, during which he was pressured by his father into signing the package plea agreement offered by the government.  Although he initially refused to sign the plea agreement, he avers having finally succumbed to his father's pressures.  He also states that his attorney told him not to tell the Court that he had been coerced into signing the plea agreement.  The declaration signed by Petitioner's father, in turn, states that he visited his son on two occasions in jail to try to convince him to accept the plea.

### A.  28 U.S.C. §2255 standards and exhaustion requirements

28 U.S.C. §2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

1. the sentence was imposed in violation of the Constitution or laws of the United States,
2. the court was without jurisdiction to impose the sentence,
3. The sentence was in excess of the maximum authorized by law  or,
4. The sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to §2255, the Court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is well settled law that a §2255 motion is not a substitute for an appeal.  Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a section 2255 motion.  United States v. Essig, 10 F.3d 968 (3d Cir 1993).  If a defendant fails to preserve his claim on direct appeal a Court may not consider the claim in a subsequent §2255 motion, unless the defendant can establish "cause and prejudice," United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice". Murray v. Carrier,

CIVIL 06-1658CCC                                              5

477 U.S. 478, 496 (1986). The exception to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a section 2255 motion.

### B. Claim of Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a defendant must show that:

1. His attorney's performance was deficient, and
2. The deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688. Under Strickland, counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689. To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Thus, it is pellucidly clear that Petitioner is obligated to show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted from it. Strickland, 466 U.S. at 687. See also López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). He must do this as to each particular instance in which he claims ineffective assistance of counsel. Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. See Strickland, 466

CIVIL 06-1658CCC                                    6

U.S. at 689.  Therefore, the Supreme Court has stated that "judicial scrutiny of counsel's performance must be highly deferential."  See Strickland, 466 U.S. at 689.

Under Strickland, Petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance and the harm such actions caused.  Petitioner has identified the alleged act of ineffective assistance as his counsel allowing him to be coerced by his co-defendant father into pleading guilty pursuant to a package-plea offer by the government.  Petitioner contends that he was forced to accept the plea agreement by his father so that the latter would fair better at the time of sentencing.  However, mere belated assertions of ineffective assistance of counsel claiming acts of coercion are meritless and insufficient when the record paints a very different scenario than that which Petitioner wishes to put forth.

**C. Voluntary Guilty Plea**

Santiago-Gómez was one of sixteen (16) co-defendants to which the government extended a package-plea agreement offer[6].  A review of the record demonstrates that all the parties involved were aware that the plea agreements being offered by the government were part of a "package plea."  See e.g. docket entry 288 in Criminal 01-0645(CCC), at p. 7.

However, the Supreme Court has stated that "a prosecutor's offer during plea bargaining of adverse or lenient treatment for some person other than the accused might pose a greater danger of inducing a false guilty plea by skewing the risks a defendant must consider." Bordekircher v. Hayes, 434 U.S. 357, 364 (1978).  This concern applies to package- plea agreements because, "quite possibly, one defendant will be happier with the package deal than his co-defendant(s); looking out for his own best interests, the lucky one may try to force his co-defendant(s) into going along with the deal." United States v. Caro, 997 F.2d 657, 659-660 (9th Cir. 1993).  This is why package-plea deals impose special

---

[6]Two (2) of the co-defendants were excluded by the government from the "package plea" scenario.

CIVIL 06-1658CCC                                              7

obligations on the government- the prosecutor must alert the district court to the fact that co-defendants are entering a package deal, and the district court must carefully ascertain the voluntariness of each defendant's plea.  See  United States v. Abbott, 241 F.3d 29 (1st Cir. 2001); United States v. Martinez Molina, 64 F.3d 719 (1st Cir. 1995); United States v. Buckley, 847 F2d. 991, 100 (1st Cir. 1988), cert. denied, 488 U.S. 1015 (1989); United States v. Daniel, 821 F.2d 76, 78-79 (1st Cir. 1987). In order to determine if a defendant's plea of guilty, as part of a package plea deal, is voluntary and uncoerced the Court of Appeals has established a guideline that lower courts must follow:

> We have crafted two safeguards designed to minimize this risk of coercion. First, the prosecution should inform the district court that the defendant's guilty plea is part of a package deal.  Second, the district court should carefully ascertain the voluntariness of defendant's plea during the Rule 11 colloquy, with an eye toward minimizing the risk of co-defendant's coercion inherent in the package plea context.

United States v. Ortiz Torres, 449 F.3d 61, at 69 (1st Cir. 2006).  See also United States v. Martínez Molina, 64 F.3d 719 (1st. Cir. 1995).

In the case of Petitioner Santiago-Gómez both criteria were met.  A review of the transcript of the change of plea hearing reflects that as to the first criteria the prosecutor in fact informed the Court that it had before it a package plea agreement.

> THE COURT: This agreement tells me this is a package plea, that means that the government in order to save time, effort and witnesses has required all defendants to plead guilty.... However, that is not something that is illegal to put that condition, what is important and essential is that if you are going to plead guilty you do that just because you have analyzed the evidence and you consider that to be the best course of action.  Do you understand that Mr. Santiago?
>
> DEFENDANT SANTIAGO: Yes.

Transcript of change of plea hearing held on August 7, 2002 (C.O.P. Hr.T. 8/7/2002) at page 20.

CIVIL 06-1658CCC                                            8

Clearly the Court was well aware and informed of the package nature of the plea agreement, information which at the outset of the change of plea hearing it shared with petitioner.

> THE COURT: And also this case states it is a package plea agreement, that is why I ask you sir if any of your co-defendants, any of them, Mr. Rivera who is here or any of those that are in jail, has asked you to plead guilty so that he may benefit from a plea agreement?
>
> DEFENDANT SANTIAGO: No.
>
> THE COURT: So then can you certify to the Court that you are not pleading guilty because of threats or pressures?
>
> DEFENDANT SANTIAGO: No, none of that.
>
> THE COURT: I will place the question in a different fashion. Has someone forced you to plead guilty?
>
> DEFENDANT SANTIAGO: No.
>
> THE COURT: Any threats, promises of giving you money or some sort of reward for you pleading guilty?
>
> DEFENDANT SANTIAGO: No.
>
> THE COURT: And you are telling me as well in this document that you are satisfied with the services of Mr. Medina, and I ask you if that is correct?
>
> DEFENDANT SANTIAGO: Yes.
>
> THE COURT: And has he explained for you the contents of the plea agreement?
>
> DEFENDANT SANTIAGO: Yes.

C.O.P. Hr.T. 8/7/2002 at pp. 26 & 27.

The record reflects that the Court also met the second criteria of ascertaining that Petitioner's plea of guilty was not coerced and was in fact a voluntary one.[7] Furthermore, the plea agreement signed by Santiago-Gómez states at page four (4) paragraph eight (8) as follows: "Package Plea Provision - The defendant is fully aware that this is a package plea

---

[7] In United States v. Ortiz-Torres, 449 F.3d 61 (1st Cir. 2006), the Court, faced with an issue of coercion in a package plea, stated that the district court "individually questioned the defendants, asking whether they were threatened or coerced by anyone or anybody into entering their individual guilty pleas. This alone was likely sufficient." Id., at 69.

CIVIL 06-1658CCC                              9

agreement, that is, a plea agreement conditioned upon the guilty plea of all co-defendants except co-defendants Felix Santiago-Gómez and Carlos Rodríguez-Colón." (docket entry 271 in Criminal 01-0645(CCC) at page 4). The plea agreement is signed by Petitioner Santiago-Gomez and his initials are on every page.

Petitioner's contention that he was unduly pressured, or coerced, by his co-defendant father into pleading guilty is clearly contravened by the record, and, not surprisingly, a matter that he failed to raise in his direct appeal. Petitioner may have had a subsequent change of heart upon realizing the consequences entailed by his pleading guilty but that was his decision and one with which he must now live. "If a defendant elects to sacrifice himself to protect someone close to him that is his choice, and he cannot reverse it after he is dissatisfied with his sentence, or with subsequent developments." United States v. Buckley, 847 F.2d 991, 1000 (1st Cir. 1988), United States v. Yeje-Cabrera, 430 F.3d 1, Fn.19 (1st Cir. 2005).

The Court also notes that an exhaustive review of the criminal docket in this case reflects no evidence of Petitioner's contention of coercion. Santiago-Gómez, after his change of plea hearing, had over three postponements of his sentencing hearing. Petitioner filed objections to his Pre-Sentence Report (docket entry 407 in Criminal 01-0645(CCC)) in which he made no claim of coercion. Santiago-Gómez also filed a motion for downward departure (docket entry 410 in Criminal 01-0645(CCC)), contrary to what he had stipulated in his plea agreement, where he failed to claim any act of coercion. Santiago-Gómez also filed a pro-se motion to amend his judgment and yet again failed to raise the issue of coercion (docket entry 443 in Criminal 01-0645(CCC) ). Indeed, petitioner had ample opportunity to file a motion to withdraw his guilty plea to alert the Court of the acts of coercion which he now alleges yet utterly failed to do so. Petitioner throughout the case filed various motions complaining about his prior attorney for his alleged ineffectiveness yet never raised such a complaint against counsel Medina whom he now claims allowed him to be coerced

CIVIL 06-1658CCC                              10

into pleading guilty.  Finally, while in his appeal Petitioner questioned the validity of the package plea, he never made a direct claim of having been coerced by his father into pleading guilty.  It was not until the Court of Appeals pointed out in its judgment that defendant had failed to argue that his plea was coerced[8] that Petitioner raised a claim of coercion for the first time by way of his Section 2255 motion.  This seems a little too coincidental to be overlooked by the Court.

Thus, having established that Petitioner's claim of ineffective assistance of counsel based on his attorney allegedly allowing that he be coerced into pleading guilty is meritless, the same is hereby DENIED.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Andrés Santiago-Gómez is not entitled to relief on the claim presented.  Accordingly, it is ORDERED that petitioner Andrés Santiago-Gómez' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 be and is hereby DENIED.  Judgment shall be entered dismissing this action, with prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on June 29, 2009.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge

---

[8] The Court of Appeals stated:  "Contrary to [appellant's] contention, we view the Fed. R. Crim.P. 11 colloquy as having covered the required topics clearly and thoroughly.  There was no objection to the colloquy in the district court; the plain error standard of review is applicable and it has not been met.  [Citations omitted.]  <u>Because appellant fails to argue that his plea was coerced</u> and because the district court discussed the package nature of the plea with appellant, we reject the argument that there is a question as to the voluntary nature of appellant's plea."  <u>United States v. Santiago-Gómez</u>, No. 03-2192 (1st Cir., January 4, 2005).  (Emphasis ours.)